IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:14-CV-615-BO

| | |
|---|---|
| TOMMY OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | O R D E R |
| ) | |
| BERNARD CONDLIN, BILLY WEST, ) | |
| EARL M. BUTLER, and KIMBRELL ) | |
| K. TUCKER, in their individual and official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court for frivolity review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the matter is DISMISSED.

## BACKGROUND

Plaintiff filed a civil rights action under 42 U.S.C. § 1983 arguing that his Sixth and Fourteenth Amendment rights were violated by failure to address his motion for a prompt trial and improper waiver of his appearance at a probable cause hearing. Plaintiff names four defendants: 1) Benard Condlin, his public defender; 2) Billy West, the Cumberland County District Attorney; 3) Earl M. Butler, the Sheriff of Cumberland County; and 4) Kimbrell K. Tucker, the Clerk of Superior Court of Cumberland County. [DE 1, p. 2–3]. Plaintiff seeks a trial before December 16, 2014, or, in the alternative, dismissal of the charges against him pending in Cumberland County Superior Court.

## DISCUSSION

Where, as here, a prisoner seeks redress from a governmental officer in a civil action, the Court must review the complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune

defendant. 28 U.S.C. § 1915A. A case is frivolous if it "lacks an arguable basis in either law or fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989) (superseded by statute on other grounds). Pro se complaints are entitled to more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the Court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724. As explained below, the action is DISMISSED as frivolous.

The Supreme Court has held that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). When the legality of confinement is challenged so that the remedy would be a speedier release, the case must be filed as a habeas corpus proceeding, rather than under 42 U.S.C. § 1983, and the plaintiff must first exhaust state remedies. *Id.* Accordingly, an allegation that a defendant was denied his constitutional right to a speedy trial presents a question reviewable by federal courts in a habeas action, but only after exhaustion of state remedies. Plaintiff has not exhausted state remedies—he did file a grievance, but his complaint does not state that any result was ever reached in the grievance process. Plaintiff's claim, therefore, is not cognizable and must be dismissed.

Even if his claim were cognizable in a § 1983 action, plaintiff's claim would fail on other grounds. Section 1983 creates a cause of action for legal and equitable relief against "every person" who, under color of state law, deprives a citizen of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Plaintiff has alleged no facts that could give rise to a claim under § 1983 against his attorney in either his official or individual

2

capacity. Plaintiff's complaint merely states that his attorney represented him on charges between November 23, 2011, and October 15, 2013, but plaintiff alleges no deprivation of a constitutional right, privilege, or immunity with respect to his lawyer. Accordingly, plaintiff has not pled facts sufficient to state a claim upon which relief can be granted with regard to his claims against his public defender, Bernard Condlin. Moreover, public defenders " do[] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff cannot sustain his claims against his lawyer.

Likewise, prosecutors are immune from liability for actions taken within the scope of their office. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity and the concern "that harassment by unfound litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Id.* at 423. Plaintiff has not alleged that the district attorney acted outside the scope of his or her positions, and accordingly cannot maintain a claim against Billy West.

Finally, plaintiff must set forth "a short and plain statement of the claims showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff's claim that the Sheriff violated his right to a speedy trial is meritless, as the Sheriff's Office has nothing to do with the judicial administration of the courts. Plaintiff also fails to state a claim showing that he is entitled to relief from the Clerk of Court. Plaintiff alleges that the Clerk of Court failed to file various motions. This claim is not specific and fails to demonstrate any violation of plaintiff's rights. Moreover, the Clerk of Court, like the Sheriff, is unable to afford plaintiff the relief he seeks.

For the foregoing reasons, plaintiff's claims are DISMISSED in their entirety for failing to state a claim under which relief can be granted. The Clerk is DIRECTED to close the file.

SO ORDERED, this the __18__ day of December, 2014.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:14-cv-00615-BO   Document 11   Filed 12/23/14   Page 4 of 4